UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN D. MAYE,<br><br>               Petitioner,<br><br>     v.<br><br>E. VALENZUELA, Warden,<br><br>               Respondent. | No. CV 14-2059-JLS (PLA)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

John D. Maye ("petitioner") initiated this action on March 18, 2014, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition indicates that petitioner is currently incarcerated at the California Men's Colony in San Luis Obispo, California. For the reasons set forth below, the Petition is dismissed without prejudice and with leave to amend.

As an initial matter, in filing his Petition, petitioner did not use the proper form, pursuant to Local Rule 83-16.1, which requires that a petition for writ of habeas corpus "be submitted on the forms approved and supplied by the Court." Habeas forms are a procedural device which significantly aid the Court in processing the numerous habeas petitions presented to the Court. The habeas form used by the Central District of California is designed to aid petitioner to present the relevant information regarding his habeas claim(s) in a "simple, concise, and direct" manner,

as required by Fed. R. Civ. P. 8(d). In failing to submit a habeas form approved by this Court, petitioner failed to follow Local Rule 83-16.1, and thus the Petition contains multiple deficiencies, discussed herein.

First, the Petition indicates that petitioner seeks to challenge his sentence, including the calculation of "pre- prison sentence credits," as well as his receipt of "good time work time" credits. (Petition at 2-3). It does not provide any additional information about petitioner's conviction, including the offenses for which he was convicted. (Petition at 2).[1] Thus, the Petition fails to furnish critical information underlying petitioner's claims.

Second, because petitioner did not use the proper form, it is not clear from the Petition exactly what, or how many, grounds for relief petitioner presents. (See generally, Petition at 1-5). Moreover, although petitioner generally asserts that the claims "presented within have been properly presented to the State California Supreme Court," and that the Supreme Court denied the claims on January 29, 2014, it is not clear from the instant Petition what specific claims were brought in that proceeding. (See Petition at 1). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119

---

[1] Petitioner does assert that the "claims presented within have been properly presented to the State of California Supreme Court [Case Number: S215434]," and that those claims were denied on January 29, 2014. (Petition at 1).

2

1  S.Ct. 1728, 144 L.Ed.2d 1 (1999); <u>James v. Giles</u>, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).
2  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by
3  invoking one complete round of the State's established appellate review process" in order to
4  exhaust his claims. <u>O'Sullivan</u>, 526 U.S. at 845.  A claim has not been fairly presented unless the
5  prisoner has described in the state court proceedings both the operative facts and the federal legal
6  theory on which his claim is based.  See <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66, 115 S.Ct. 887,
7  130 L.Ed.2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438
8  (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996); <u>Bland v. California Dep't of
9  Corrections</u>, 20 F.3d 1469, 1473 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Schell v. Witek</u>,
10 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted
11 available state remedies.  <u>See</u>, <u>e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).  Here,
12 because petitioner fails to specify exactly what grounds were raised in his state petition, petitioner
13 has failed to demonstrate that any of his claims are exhausted.

14  Third, the Court observes that petitioner did not properly complete his Petition because he
15 failed to provide a signed statement certifying <u>under penalty of perjury</u> that the information in the
16 Petition is true and correct.  (<u>See</u> Petition at 5).  28 U.S.C. § 2242 requires that a petition for writ
17 of habeas corpus be "signed and verified by the person for whose relief it is intended or by
18 someone acting in his behalf."  Petitioner's failure to sign the Petition, by itself, warrants dismissal.
19 <u>See</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may refuse to
20 file, or may dismiss, an unsigned and unverified petition.") (citing <u>In re Application of Gibson</u>, 218
21 F.2d 320 (9th Cir. 1954) (affirming the district court's refusal to file an unverified petition)).

22  Based on these deficiencies, amendment is appropriate.  Accordingly, IT IS ORDERED that
23 the Petition is dismissed with leave to amend.  **Petitioner shall, no later than April 11, 2014, file
24 an Amended Petition.  The Amended Petition should clearly contain the words "AMENDED
25 PETITION."**  The Amended Petition should also provide a signature and signature date where
26 indicated in the Amended Petition.

27
28

1  Petitioner is advised that if an Amended Petition, using the proper form, is not received **by**
2  **April 11, 2014**, dismissal of the instant Petition will be recommended for failure to prosecute and
3  failure to comply with this Order and governing case law.
4  The Court Clerk is directed to send petitioner a copy of a blank Petition for Writ of Habeas
5  Corpus by a Person in State Custody, and a blank Declaration in Support of Request to Proceed
6  In Forma Pauperis, along with this Order.

8  DATED: March 21, 2014

           *Paul L. Abrams*
           _____
           PAUL L. ABRAMS
           UNITED STATES MAGISTRATE JUDGE